The plaintiff herein alleges, and the defendants deny, that she suffers from depression as a result of harassment by her supervisor on her job with the defendant-employer. The parties stipulated to the admission of the plaintiff's medical records, which were received as Stipulated Exhibit 1.
* * * * * * * * * *
The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner, with minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Defendants moved to dismiss plaintiff's appeal to the Full Commission due to plaintiff's failure to timely file a Form 44 or brief or to copy defendants with the same. Pursuant to Rule 801, in the interest of justice and noting plaintiff's pro se status, the technical filing requirements are HEREBY WAIVED in the case at hand, and plaintiff shall be allowed to proceed with her appeal. Therefore, defendants' motion to dismiss IS HEREBY DENIED.
* * * * * * * * * *
Accordingly, based upon the competent, credible, and convincing evidence of record, the undersigned make the following
FINDINGS OF FACT
1. The plaintiff, age forty-five, began working with the defendant-employer in 1989 as a band builder and worked there until August of 1993.
2. The plaintiff alleges that, beginning in December, 1992, she was harassed and "hounded" by Connie Smith, her supervisor, and that she was asked to do things that other employees were not asked to do. The plaintiff alleges that, as a result, she developed stress and major depression. Her allegation, although it states plaintiff's own belief, is not accepted as credible or convincing by the undersigned, in and of itself, to establish causation.
3. The plaintiff suffers from major recurrent depression and has received medical treatment for this disease since at least August 1991.
4. The plaintiff was terminated by the defendant-employer on August 25, 1993 for poor overall job performance and attendance problems;
5. The plaintiff was not placed at an increased risk of developing depression as a result of her employment with the defendant-employer as compared to the general public not so employed. There is no credible or convincing evidence of record to meet this required element.
6. The plaintiff failed to sufficiently meet her burden of establishing a causal connection between her depression and her employment with the defendant-employer. Plaintiff's mere assertion of a causal relationship is not sufficient. Further Dr. Cole's note does nothing to establish a causal relationship or any of the other required elements.
* * * * * * * * * *
Based upon the foregoing findings of fact, the undersigned make the following
CONCLUSIONS OF LAW
1. The plaintiff has not proven by the greater weight of the credible and convincing evidence that she developed an occupational disease which was due to causes and conditions characteristic of and peculiar to her employment and which was not an ordinary disease of life to which the general public was equally exposed. N.C.G.S. § 97-53(13); Booker v. Duke Medical Center,297 N.C. 458 (1979).
2. The plaintiff is not entitled to benefits under the North Carolina Workers' Compensation Act for her depression. N.C.G.S. § 97-2 et seq.
* * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of the law, the undersigned enter the following
ORDER
1. The plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
IT IS FURTHER ORDERED that this case be REMOVED from Full Commission hearing docket.
This the _____________ day of __________________, 1997.
FOR THE FULL COMMISSION
 S/ _______________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ____________ COY M. VANCE COMMISSIONER
S/ ____________ MORGAN S. CHAPMAN DEPUTY COMMISSIONER
JHB/kws